**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

In re:

ROBERT JAY BERNHARDT,

Movant.

No. 13-1473
(D.C. Nos. 1:96:CR-00203-WJM-1 &
1:01-CV-00344-DBS)
(D. Colo.)

**ORDER**

Before **HARTZ**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Robert Jay Bernhardt moves for authorization to file a second or successive

28 U.S.C. § 2255 motion challenging the sentences he received for federal drug and

firearms offenses. *See id*. § 2255(h). We deny authorization.

Mr. Bernhardt first alleges that *Alleyne v. United States*, 133 S. Ct. 2151

(2013), is both a new rule of constitutional law, *see* 28 U.S.C. § 2255(h)(2), and

newly discovered evidence of his innocence of sentencing enhancements, *see id.*

§ 2255(h)(1). But *Alleyne* does not satisfy § 2255(h)(2) because the Supreme Court

has not made it retroactive to cases on collateral review. *See In re Payne*, 733 F.3d

1027, 2013 WL 5200425, at *1-2 (10th Cir. Sept. 17, 2013). And it does not satisfy

§ 2255(h)(1) because it is a new legal opinion, not newly discovered evidence.

Mr. Bernhardt also cites *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).

*McQuiggin*, however, addressed actual innocence in connection with an untimely

*first* habeas application. *Id.* at 1934. Notably, in *McQuiggin* the Supreme Court

recognized that Congress, through 28 U.S.C. § 2244(b), intended to "modify" and "constrain[]" the role of "actual innocence" with respect to second or successive habeas applications.  *See* 133 S. Ct. at 1933-34 (emphasis omitted).  Congress similarly has limited the role of "actual innocence" with respect to second or successive § 2255 motions.  *See* 28 U.S.C. § 2255(h)(1).  Nothing in *McQuiggin* allows us to ignore the limitations set forth in § 2255(h).

The motion for authorization is denied.  This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  *Id.* § 2244(b)(3)(E).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk
