**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 96-cr-203-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    **ROBERT J. BERNHARDT**,

      Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION TO VACATE AND RESENTENCE

---

      This matter is before the Court on Defendant Robert J. Bernhardt's Motion to Vacate and Resentence (ECF No. 752).  For the reasons set forth below, the Motion is denied.

## I.  BACKGROUND

      Following a jury trial in May 1998, Defendant Robert J. Bernhardt was convicted of Counts One (conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)); Two (possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 41(b)(1)(A)); Three (using or carrying a firearm during and in relation to the crime charged in Count Two, in violation of 18 U.S.C. § 924(c)); Nine (attempted possession with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 841(b)(1)(A)); and Ten (using or carrying a firearm during and in relation to the crime charged in Count Nine, in violation of 18 U.S.C. § 924(c)) of the Third Superseding

Indictment.  (ECF No. 584 at 1.)

Thereafter, Defendant was sentenced by the late U.S. District Judge Daniel P. Sparr to a period of imprisonment of 293 months on Counts One, Two, and Nine, to run concurrently; 30 years on Count Three, to run consecutive to any other sentence; and Life on Count Ten, to run consecutive to any other sentence.  (*Id.* at 2.)

On March 13, 2019, Defendant filed the instant Motion (ECF No. 752), seeking vacatur of his Life sentence on Count Ten under the First Step Act, Pub. L. 115-391, § 403(a), 132 Stat. 5221 (2018) ("Act"); and a reduction to one day of his sentences on Counts One, Two, and Nine, under the "*Holloway* doctrine."[1]  On July 23, 2019, the Government filed a Response.  (ECF No. 758.)

## II.  LEGAL STANDARD

Section 2255 of Title 28 of the United States Code applies to requests seeking to vacate, set aside, or correct a federal sentence.  A § 2255 petition "attacks the legality of detention . . . and must be filed in the district that imposed the sentence."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citation omitted).  "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence."  *Id.* (citing *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965)).  An evidentiary hearing must be held to resolve Defendant's claims unless the Motion itself and the other documents before the Court conclusively show that Defendant is not entitled to relief.  *See Hedman v. United States*, 527 F.2d 20 (10th Cir.

---

[1] Defendant also asks the Court to order that his sentence on Count Three run consecutive to his (reduced) sentences on Counts One, Two, and Nine.  However, Defendant's sentence of 30 years on Count Three already runs consecutively to those on Counts One, Two, and Nine.  (ECF No. 548 at 2.)

2

1975); 28 U.S.C. § 2255(b).  Moreover, Defendant is proceeding *pro se* and accordingly is entitled to "liberal construction" of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.  ANALYSIS

### A.    Count Ten

Defendant was convicted on Count Ten of using or carrying a firearm during and in relation to the crime charged in Count Nine, in violation of 18 U.S.C. § 924(c).  (ECF No. 584 at 1.)  Defendant was sentenced to life on Count Ten.  (*Id.* at 2.)  Defendant argues that, pursuant to the Act, his sentence on Count Ten must be vacated.

Prior to the Act, 18 U.S.C. § 924(c)(1)(C) (2016) provided: "In the case of a second or subsequent conviction under this subsection, the person shall—(i) be sentenced to a term of imprisonment of not less than 25 years; and (ii) if the firearm involved is a machinegun or destructive device, or is equipped with a firearm silencer or muffler, be sentenced to imprisonment for life."

Section 403(a) of the Act amended the above language as follows: "In the case of a violation of this subsection that occurs *after a prior conviction under this subsection has become final*, the person shall—(i) be sentenced to a term of imprisonment of not less than 25 years; and (ii) if the firearm involved is a machinegun or destructive device, or is equipped with a firearm silencer or muffler, be sentenced to imprisonment for life." 18 U.S.C. § 924(c)(1)(C).

Defendant argues that because the convictions for the predicate offenses that formed the bases of Defendant's § 924(c) convictions did not become final before the § 924(c) convictions themselves, his mandatory life sentence under § 924(c)(1)(C)(ii) is

invalid.

Defendant is correct that he could not be sentenced today as he was in 1998.

However, the Act provides: "This section, and the amendments made by this section,

shall apply to any offense that was committed before the date of enactment of this Act,

*if a sentence for the offense has not been imposed as of such date of enactment*."

Pub. L. 115-391, § 403(b), 132 Stat. 5221 (2018).   On its face this language states that,

if a sentence for a § 924(c) offense has already been imposed by the time the Act took

effect, section 403(a) of the Act does not provide a basis for altering that sentence or

the underlying conviction.  *See United States v. Hunt*, 793 F. App'x 764, 766–67 (10th

Cir. 2019) (rejecting the argument that section 403(a) of the Act applies retroactively);

*accord United States v. Contreras*, 332 F.R.D. 712, 713 (D.N.M. 2019); *United States v.*

*Hodge*, 948 F.3d 160, 163 (3d Cir. 2020); *United States v. Richardson*, 948 F.3d 733,

744–53 (6th Cir. 2020); *United States v. Jordan*, 952 F.3d 160, 171–74 (4th Cir. 2020).

For the reasons set forth by the Tenth Circuit in *Hunt*, 793 F. App'x 764, the Court

concludes that section 403(a) of the Act does not apply retroactively, and accordingly,

Defendant is not entitled to relief under the Act.

**B.     Counts One, Two, and Nine**

Defendant argues that the Court should reduce his sentences on Counts One,

Two, and Nine to one day each under *Dean v. United States*, 137 S. Ct. 1170 (2017).

In *Dean*, the Supreme Court held that, in sentencing a defendant for a § 924(c)

predicate offense, a district court may consider the fact that the resulting § 924(c)

conviction carries a mandatory minimum sentence.  *Id.* at 1179.   *Dean* did not hold,

however, that a district court may *modify* an already final sentence for a § 924(c)

4

predicate offense where the § 924(c) conviction resulted in a mandatory minimum sentence.  Defendant does not point to any authority suggesting that the Court may modify his sentences on Counts One, Two, and Nine under *Dean*.  Indeed, the courts to address the issue appear to have uniformly held that *Dean* does not apply retroactively on collateral review.  *See, e.g.*, *Garcia v. United States*, 923 F.3d 1242, 1245–46 (9th Cir. 2019).  Consequently, the Court will decline to grant Defendant relief under *Dean*.

C.    The *"Holloway* Doctrine"

Defendant further argues that the Court should grant him relief under *United States v. Holloway*, 68 F. Supp. 3d. 310 (E.D.N.Y. 2014), although it is unclear precisely what relief he seeks.

In *Holloway*, pursuant to an agreement with the U.S. Attorney for the Eastern District of New York, the court granted the defendant's motion to vacate two of his three § 924(c) convictions.  *Id.* at 315.  The prosecution declined to oppose the motion based on the defendant's extraordinary disciplinary record while incarcerated, as well as the fact that the victims of the defendant's offense (carjacking) either supported or did not oppose his early release.  *Id.*

Defendant asserts that, like the defendant in *Holloway*, he has been a model inmate throughout his incarceration.  He states that he has no disciplinary history; the Government does not refute this, and the Court sees nothing in the record to the contrary.  The record also reflects that, while incarcerated, Defendant has spent a great number of hours in work and education programs.  Further, Defendant attaches to his Motion several certificates of appreciation: two for creating wooden Christmas tree ornaments for underprivileged families in the local community; and one for creating

hand-made wooden animals for children to play with for FCI Florence's

"Children's/Family Day."  According to Defendant, "[t]he toys are so popular that names

must be pulled from a hat to obtain the 'prize.'  This is done purely for the joy of the

children."

Finally, Defendant also attaches a letter from his Correctional Counselor at FCI

Florence.  In relevant part it states as follows:

> [Defendant] ha[s] been close to exceptional while
> maintaining a disciplinary free attitude as well as positive
> conduct.  In a very abnormal and violent confined
> atmosphere, he has [ ] voluntarily committed himself to
> change and he has completed various vocational trades,
> skills and education classes.  He has been instrumental in
> the participation of [the] Christmas Tree Ornament Program
> for the past three years here at FCI Florence and the
> ongoing progress of our "Doing Time with the Right Mind"
> program.  It is believed, that Mr. Bernhardt should do well if
> allowed to re-enter society.  He also knows what is expected
> of him to make the social transition back into society's work
> force with positive results.  Now that his age has become a
> factor, his commitment to change has become his own
> responsibility, which he has taken very seriously.  His goal
> has become and always will remain to be a law-abiding
> citizen.

Based on the record before the Court, there is no question that Defendant

should be commended for his conduct while incarcerated.

However, in the Tenth Circuit, "[a] district court does not have inherent authority

to modify a previously imposed sentence; it may do so only pursuant to statutory

authorization."  *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997); *United

States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (same).  Moreover, the

Government opposes Defendant's Motion—although, even if it did not, as in *Holloway*,

the Court does not believe it would have the power to grant Defendant relief on that

6

basis alone.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendant's Motion to

Vacate and Resentence (ECF No. 752) is DENIED.

Dated this 30th day of April, 2020.

BY THE COURT:

William J. Martinez
United States District Judge

7