IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 96-cr-203-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.    ROBERT J. BERNHARDT,

     Defendant.

---

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

---

Before the Court is Defendant's Amended Motion for Compassionate Release. (ECF No. 771.) For the reasons explained below, the Court denies this motion without prejudice to renewal at a later date.

## I. BACKGROUND

Defendant Robert J. Bernhardt ("Bernhardt") has been in custody since May 20, 1996—the date of his arrest on the charges for which he is currently serving his sentence. (*See* ECF No. 5.) In May 1998, a jury convicted him of the following:

- conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) ("Count 1");

- possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 41(b)(1)(A) ("Count 2");

- using or carrying a firearm during and in relation to the crime charged in

Count 2, in violation of 18 U.S.C. § 924(c) ("Count 3");

- attempted possession with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) ("Count 9"); and

- using or carrying a firearm during and in relation to the crime charged in Count Nine, in violation of 18 U.S.C. § 924(c) ("Count 10").

(ECF No. 584 at 1.)

Thereafter, Defendant was sentenced by the late U.S. District Judge Daniel P. Sparr to a period of imprisonment of 293 months on Counts 1, 2, and 9, to run concurrently; 30 years on Count 3, to run consecutive to any other sentence; and life on Count 10, to run consecutive to any other sentence. (*Id.* at 2.)

Bernhardt filed the motion currently at issue on June 25, 2020. He is 64 years old and suffers from hypertension, type II diabetes, chronic obstructive pulmonary disease (COPD), and hyperlipidemia. (*See* ECF No. 771-3.) He argues that he is therefore at particular risk for a severe case of COVID-19, should he be infected. (ECF No. 771 at 6.) He is currently housed at FCI Florence, which has no reported cases of COVID-19 (inmate or staff).[1] But, he says, "the risk [to him] remains substantial given the presence of the disease within Colorado, and the speed with which the disease can race through a prison once it takes hold." (*Id.* at 15.)

Bernhardt requests "a sentence of time served." (*Id.*) "However," he says, "[he] would not object, as a condition of supervision, to a condition that he be required to serve some period of time in home confinement." (*Id.*)

---

[1] *See* https://www.bop.gov/coronavirus/ (last visited July 17, 2020). FCI Florence does not appear in the BOP's table, meaning it has no, and has never had, a confirmed case of COVID-19.

## II.  ANALYSIS

**A.     Compassionate Release Framework**

Bernhardt invokes the Court's authority to grant what is commonly referred to as

"compassionate release."  The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it has
> been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the
>>> Bureau of Prisons, or upon motion of the defendant
>>> after the defendant has fully exhausted all
>>> administrative rights to appeal a failure of the Bureau
>>> of Prisons to bring a motion on the defendant's behalf
>>> or the lapse of 30 days from the receipt of such a
>>> request by the warden of the defendant's facility,
>>> whichever is earlier,[2] may reduce the term of
>>> imprisonment (and may impose a term of probation or
>>> supervised release with or without conditions that
>>> does not exceed the unserved portion of the original
>>> term of imprisonment), after considering the factors
>>> set forth in section 3553(a) to the extent that they are
>>> applicable, if it finds that—
>>>
>>>> (i) extraordinary and compelling reasons warrant
>>>> such a reduction; or
>>>>
>>>> (ii) the defendant is at least 70 years of age [along
>>>> with various other conditions not relevant here];
>>>
>>> and that such a reduction is consistent with applicable
>>> policy statements issued by the Sentencing
>>> Commission . . . .

18 U.S.C. § 3582(c).

In short, to have Bernhardt released from confinement immediately under this

authority, the Court would need to re-sentence him to time served (about 24 years).  To

---

[2] The Government concedes that Bernhardt submitted an appropriate request and received no timely response.  (*See* ECF No. 773 at 4.)

merit such relief, Bernhardt must first demonstrate "extraordinary and compelling reasons" that are "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A) & (c)(1)(A)(i).

One Sentencing Commission policy statement that appears potentially relevant here is the following:

> [E]xtraordinary and compelling reasons exist [if] * * * [t]he defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. 1(A)(ii).  The same policy statement also contains a safety valve for unexpected circumstances specific to the inmate: "[E]xtraordinary and compelling reasons exist [if] * * * [a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons [explicitly set forth]."  *Id.* cmt. 1(D).

The Government concedes that the policy statement has been satisfied in Bernhardt's case due to his age and medical diagnoses, which put him at increased risk of a severe or lethal case of COVID-19, should he become infected.  (ECF No. 773 at 5, 13.)  *Cf.* Centers for Disease Control and Prevention, "People of Any Age with Underlying Medical Conditions," *at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated June 25, 2020);

"Older Adults," *at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated June 25, 2020).  And while the Government describes its efforts to prevent and mitigate the spread of COVID-19 within federal prisons (ECF No. 773 at 5–10), the Government does not contest that its efforts have been unsuccessful in many other prisons, nor that the virus which causes COVID-19, once introduced into a prison population, can spread very rapidly due to prisoners' inability to socially distance.  Thus, as the Government straightforwardly puts it, "This case therefore boils down to whether the §3553(a) factors weigh in favor of his release and whether or not he still poses a significant danger to the safety of the community." (*Id.* at 5.)

**B.      § 3553(a) Analysis**

Two-and-a-half months ago, the Court resolved a 28 U.S.C. § 2255 petition from Bernhardt.  *See United States v. Bernhardt*, 2020 WL 2084875, at *1 (D. Colo. Apr. 30, 2020) (ECF No. 765).[3]  As the Court described in that order, Bernhardt has been an exemplary inmate, finding ways to serve children and the underprivileged, and otherwise demonstrating a commitment to self-improvement and setting a good example.  *Id.* at *3.  This weighs strongly in Bernhardt's favor.  *See Pepper v. United States*, 562 U.S. 476, 491 (2011) (post-sentencing conduct is relevant to § 3553(a) analysis in any re-sentencing proceeding).

Weighing against Bernhardt, however, is the likely sentence he would face if sentenced today.  According to Bernhardt's own calculations, the current statutes and Sentencing Guidelines would

---

[3] Bernhardt's petition was filed well before, and had nothing to do with, the COVID-19 pandemic.  (*See* ECF No. 752.)

- mandate 30 years' imprisonment, consecutive to any other sentence, for Count 3 (use of firearm in furtherance of drug trafficking), because the jury found that the firearm in question was a machine gun;

- mandate 5 years' imprisonment, consecutive to any other sentence, for Count 10 (the other firearm-in-furtherance-of-drug-trafficking conviction), because the jury was not asked to find the nature of the firearm or destructive device; and

- recommend 235–93 months (about 19.5–24.5 years) for Counts 1, 2, 9 (the drug conspiracy/distribution convictions).

(ECF No. 771 at 14 n.12.)  In other words, as of today, Bernhardt would face a mandatory 35 years, plus an additional 19.5 years or so (if given a Guidelines sentence at the low end of the Guidelines range), for a total term of imprisonment of approximately 54.5 years.

Importantly, a jury found beyond a reasonable doubt that the Government had proved the charges against Bernhardt.  In other words, in contrast to a situation in which a defendant took a plea deal, the Court need not question whether the Government had "overcharged" the case, in turn suggesting that some of what the defendant pleaded to may not be as serious as charged.

In that light, Bernhardt's crimes were extremely serious.  He was the leader of group that exchanged firearms, ammunition, and explosive devices for methamphetamine and cocaine.  *See United States v. Bernhardt*, 198 F.3d 259 (table), 1999 WL 989340, at *1 (10th Cir. 1999).  The jury found that one of those firearms was a machine gun.

Finally, Bernhardt's co-defendant, James Eads, remains imprisoned for life

6

based on his conviction for Counts 1–3.  *See United States v. Eads*, 191 F.3d 1206, 1208–09 (10th Cir. 1999).

Taking all of this together, the Court finds that a sentence of time served (24 years) would not be consistent with "the nature and circumstances of the offense," § 3553(a)(1); "the need for the sentence imposed * * * to reflect the seriousness of the offense [and] * * * afford adequate deterrence to criminal conduct," § 3553(a)(2)(A)–(B); "the kinds of sentence and the sentencing range established for [Bernhardt's crimes]," § 3553(a)(4); and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6).

Ultimately, the Court agrees with the Government that the facts of Bernhardt's case "weigh against compassionate release *at this time.*"  (ECF No. 773 at 14 (emphasis in original).)  In another three years, however, Bernhardt will have served about 27 years in custody, or approximately half of the sentence he would have received if sentenced today for the same conduct (assuming a bottom-of-the-Guidelines-range sentence on Counts 1, 2, 9).  If COVID-19 remains as threatening in three years as it is today (the Court sincerely hopes it will not), or a comparable health threat exists at that time (ditto), a motion for compassionate release brought at that time would enjoy greater equities in its favor under § 3553(a).  Accordingly, the Court will deny Bernhardt's instant motion without prejudice.

### III.  CONCLUSION

For the reasons set forth above, Bernhardt's Amended Motion for Compassionate Release (ECF No. 771) is DENIED without prejudice.

Dated this 17th day of July, 2020.

BY THE COURT:

William J. Martinez
United States District Judge