**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 96-cr-203-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ROBERT BERNHARDT,

     Defendant.

---

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(1)**

---

On October 28, 2022 Defendant Robert Bernhardt filed his Unopposed Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(1) ("Motion"), seeking a reduction of his sentence to time served.  (ECF No. 801.)  On November 3, 2022, the Government filed its response in support of the Motion.  (ECF No. 803.)

For the following reasons, the Court grants the Motion.

## I. BACKGROUND

Following his conviction in May 1998 for conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) ("Count 1"); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 41(b)(1)(A) ("Count 2"); using or carrying a firearm during and in relation to the crime charged in Count 2, in violation of 18 U.S.C. § 924(c) ("Count 3"); attempted possession with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) ("Count 9"); and using or carrying a firearm during

and in relation to the crime charged in Count Nine, in violation of 18 U.S.C. § 924(c) ("Count 10"), Defendant was sentenced to imprisonment of 293 months on Counts 1, 2, and 9, to run concurrently; 30 years on Count 3, to run consecutive to any other sentence; and life on Count 10, to run consecutive to any other sentence.

On July 17, 2020, the Court denied Defendant's motion for compassionate release, observing that Defendant had not yet served half of the sentence he would have received if sentenced today for the same conduct (assuming a bottom-of-the-Guidelines-range sentence on Counts 1, 2, 9).  (ECF No. 775 at 7.)  However, in that Order, the Court noted that in three years' time, if COVID-19 remained as threatening as it was in 2020, then a renewed motion for compassionate release "would enjoy greater equities in its favor under § 3553(a)."  (*Id.*)

## II. ANALYSIS

Defendant invokes the Court's authority to grant what is commonly referred to as "compassionate release."  The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant
> such a reduction; . . .
>
> and that such a reduction is consistent with applicable
> policy statements issued by the Sentencing
> Commission . . . .

18 U.S.C. § 3582(c).

The Tenth Circuit has adopted a three-step test for district courts to apply when considering compassionate release motions: first, the Court must determine whether "extraordinary and compelling reasons warrant a sentence reduction"; second, the Court must find "whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and third, the Court "must consider any 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020)) (alterations omitted).

At step one, the Court has the power to find extraordinary and compelling reasons "based on [an] individualized review of all of the circumstances," including the fact that if Defendant were sentenced today, he "would not be subject to such a long term of imprisonment." *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021). However, such a sentencing disparity "cannot, standing alone, serve as the basis for a sentence reduction under § 3582(c)(1)(A(i)." *McGee*, 992 F.3d at 1048. As for step two, the Tenth Circuit has concluded "that the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants." *Maumau*, 993 F.3d at 837.

If the Court finds any of these three steps do not support a sentence reduction, the Court may deny the Motion without considering the other steps. *McGee*, 992 F.3d at 1043. Because the Court finds that each step supports a sentence reduction, it considers them in turn.

## A.    Extraordinary and Compelling Reasons

The Court concludes that there exists extraordinary and compelling reasons for a sentence reduction. Defendant's declining health is an extraordinary and compelling circumstance. He is 66 years old and suffers from diabetes, chronic obstructive pulmonary disease, hyperlipidemia, and hypertension. (ECF No. 801 at 7, 12.) In light of the risk of death or serious illness that COVID-19 and its numerous, unpredictable variants continue to present for older persons with serious ailments—like Defendant— these circumstances are even more compelling today as Defendant has continued to age. These risks endure despite the fact that Defendant is fully vaccinated. (*Id.*) Additionally, the Government concedes that Defendant's "medical conditions persist at putting him at high risk of a severe or lethal case of COVID-19 should he become infected." (ECF No. 803 at 1.)

Additionally, the Court finds that Defendant has continued to be an exemplary inmate. *See United States v. Merriweather*, 2021 WL 3488407, at *5 n.36 (D. Kan. Aug. 9, 2021) ("While '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason' for a sentence reduction under § 3582(c)(1)(A), it may be considered in combination with other factors.") (quoting 28 U.S.C. § 944(t)). Notably, he has no disciplinary infractions. (ECF No. 801 at 12.)

Like the defendant in *Maumau*, "if [Defendant were] sentenced today, . . . [he] would not be subject to such a long term of imprisonment" because of an intervening

change in law.  993 F.3d at 837.  Defendant points out that courts in the Tenth Circuit have granted sentence reductions based on the same sentencing regime Defendant faced, as have over one hundred district courts around the country.  (ECF No. 801 at 13–14 (citing cases).)  For instance, in March 2022, Judge David Ebel granted a sentence reduction in circumstances similar to Bernhardt's, holding "the significant changes to . . . § 924(c)(1)(A) combined with [the defendant's] extraordinary rehabilitation . . . [are] 'extraordinary and compelling reasons.'"  *United States v. Hunt*, Case No. 06-cr-155 (DME), ECF No. 479, at 5-6 (D. Colo. Mar. 16, 2022).  That month, Judge Lewis T. Babcock, also granted relief based on the First Step Act's changes to § 924(c) sentencing.  *See United States v. Salvador*, 2022 WL 714302, at *4 (D. Colo. Mar. 9, 2022).  Numerous district courts have afforded similar relief based on disparities caused by other sentencing changes.  (ECF No. 801 at 14 (citing cases).)

Defendant's life sentence was mandated by his § 924(c) convictions.  (*Id.*)  If he were sentenced today, he would face a mandatory sentence of 35 years on the § 924(c) convictions.  (*Id.*)  Further, Defendant has served almost 26 and one-half years of his life sentence.  (*Id.*)  As evidenced by the Government's 12-year offer and by the sentences imposed on his co-defendants,[1] the Court concludes that the time he has already served exceeds what was necessary to appropriately punish him and to protect the community.  (*See id.*)

After an individualized review of the change in law and Defendant's exemplary

---

[1] Defendant states that "Alan Barnhill, who built the pipe bombs, was sentenced to 2.5 years.  Barnhill Judgment at 2 (ECF No. 577).  Patrick Cimino, who made an 'arrangement' with Barnhill 'for the construction and delivery of pipe bombs,' was sentenced to approximately 12.5 years.  Barnhill Plea Tr. at 13; Cimino Sentencing Minutes at 1 (ECF No. 135)."  (ECF No. 801 at 15 n.13.)

disciplinary record, the Court finds these factors, in combination and considered together, constitute extraordinary and compelling reasons warranting a sentence reduction in this case.  *See Maumau*, 993 F.3d at 837 (affirming finding of extraordinary and compelling reasons based on "a combination of factors," including "'Maumau's young age at the time of' sentencing; the 'incredible' length of his stacked mandatory sentences under § 924(c); the First Step Act's elimination of sentence-stacking under § 924(c); and the fact that Maumau, 'if sentenced today, . .  would not be subject to such a long term of imprisonment.'").

**B.      Applicable Policy Statements**

As the Tenth Circuit acknowledged in *McGee*, there are no policy statements "applicable" to defendant-filed motions, because Guidelines § 1B1.13 was drafted with the background understanding that only the BOP could file compassionate release motions.  992 F.3d at 1050.  Despite the First Step Act removing the BOP as gatekeeper, § 1B1.13 has not been updated to reflect the new reality because the Sentencing Commission has been without a quorum.  *Id.*  After recent appointments, the Sentencing Commission now has a full slate of Commissioners;[2] however, as of the date of this Order, there remains no policy statement applicable to Defendant's motion.

**C.      Sentencing Factors**

The final step is for the Court to consider the sentencing factors.  As the Supreme Court has instructed, the Court considers the "most up-to-date picture" of who

---

[2] Madison Adler, *US Sentencing Commission Restocked After Senate Confirmations*, Bloomberg Law (Aug. 4, 2022, 7:32 PM), https://www.bloomberglaw.com/product/blaw/bloomberglawnews/us-law-week/XC7KMM7G000000/.

Defendant is.  *United States v. Pepper*, 562 U.S. 476, 492 (2011).  In this light, the

Court finds that the sentencing factors weigh in favor of a reduction in Defendant's

sentence.  The extraordinary length of Defendant's sentence under § 924(c), the fact

that the First Step Act eliminated sentence-stacking under § 924(c), the passage of

time, and Defendant's conduct while incarcerated affect the following § 3553(a)

sentencing factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . issued by the Sentencing Commission . . . ;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

18 U.S.C. §§ 3553(a)(1), (4)(A), (6).

As noted above, Defendant has no disciplinary infractions and has demonstrated

remarkable personal rehabilitation.  He states that he has overcome addiction.  (ECF

No. 801 at 18.)  Moreover, Defendant emphasizes in the Motion that his volunteer work

has been commended by the Christmas Tree Project.  (*Id.*)  While incarcerated,

Defendant has taken numerous courses and practiced his woodworking trade, and he

plans to seek employment related to those skills after release.  (*Id.*)  He has mentored

others, including Lloyd Romero, who also volunteers with him for the Christmas Tree

Project.  (*Id.*)  Defendant states that he has a strong community support network ready

to welcome him home, including his wife, daughter, son-in-law, and grandson.  (*Id.* at

18–19.)

Defendant argues, and the Government agrees, that Defendant would not continue to be a danger to the community if released today.  (*Id.* at 19; ECF No. 803 at 2.)  Defendant states that he takes full responsibility for the choices he made over 25 years ago, has addressed his substance abuse, and has the skills he needs to successfully reintegrate into society upon his release.  (ECF No. 801 at 19.)

The Court agrees.  Justice requires the Court to take action, and it finds this factor further weighs in favor of a reduction.  Mr. Bernhardt has paid his debt to society, and the time has come to allow him to live a free man.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. Defendant's Unopposed Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(1) (ECF No. 801) is GRANTED, and his sentence is reduced to **time served**;

2. This Order is **stayed for up to fourteen days** for the verification of Defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure his safe release;

3. Defendant shall be released as soon as a residence is verified, a release plan is established, and appropriate travel arrangements are made;

4. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended;

5. Defendant's previously imposed conditions of supervised release remain unchanged, subject to any necessary modifications necessitated by his current

circumstances; and

6.      Government counsel is DIRECTED to forthwith coordinate with defense counsel,

the Probation Office, and the Bureau of Prisons to facilitate full and timely

compliance with this Order.

Dated this 8th day of November, 2022.

BY THE COURT:

William J. Martínez
United States District Judge